**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| DANIEL ERIC COBBLE, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 25-01241 (RC) |
| | : | | |
| v. | : | Re Document No.: | 29, 80, 82, 86 |
| | : | | |
| UNITED STATES GOVERNMENT, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT AND GRANTING DEFENDANT'S
MOTION TO DISMISS**

## I. INTRODUCTION

Appearing *pro se*, Plaintiff Daniel Eric Cobble, a federal prisoner, brings this action

against the United States Government, alleging that the Government violated his civil rights.

Mr. Cobble has filed approximately 500 claims alleging a series of purported constitutional

violations surrounding his criminal prosecution and treatment while incarcerated. His requested

relief includes "real gold coins," "Canadian maple leaf," and "internet spend cards." Compl.

at 35, ECF No. 1. Mr. Cobble moved for default judgment on three occasions, and the

Government moved to dismiss the Complaint. As explained below, the Court denies

Mr. Cobble's motions for default judgment because at the time of the motions, the Government

was not in default. The Court grants the Government's motion to dismiss because a portion of

Mr. Cobble's claims are patently insubstantial and present no suitable federal question for

review, and the remaining claims fail to meet pleading standards. Because the Court dismisses

Mr. Cobble's Complaint, it will also deny as moot all other outstanding motions that Mr. Cobble

raises in this case.

## II. FACTUAL BACKGROUND

Mr. Cobble is in federal prison, Compl. at 2, serving a 240-month sentence for "mailing threatening communications to federal judges," *Cobble v. United States*, No. 24-12643, 2025 U.S. App. LEXIS 16986*, at *1 (11th Cir. July 9, 2025). He goes by several names, including Daniel Eric Plemons, Daniel Eric Castleberry, and Johnathan Wayne Plemons Jr. Compl. at 2.

Mr. Cobble filed this lawsuit on April 22, 2025, seeking relief from purported "ongoing" and "nationwide" violations of his constitutional rights under 42 U.S.C. § 1983. *Id.* at 3–4, 35–37. He raises approximately 500 claims in his Complaint that appear to arise from his criminal prosecution and treatment while incarcerated, none of which is alleged to have occurred in this District. Compl. at 6, 11–33. Among these claims, Mr. Cobble alleges that the Government violated his constitutional right to access courts "by . . . judges telling lies in their courts [sic] orders." *Id.* at 11. Similarly, he claims that the Government has violated his constitutional right against cruel and unusual punishment by using "a/c as a torture device." *Id.* at 14. Several of his claims also include profanity and lengthy expositions and opinions that do not appear to invoke a legal claim.

In this district, Mr. Cobble has been barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g), having accumulated more than three "strikes."[1] *See* Order, ECF No. 7. Mr. Cobble has been denied *in forma pauperis* status in other jurisdictions as well, including the Supreme Court, which stated that Mr. Cobble had "repeatedly abused [the] Court's process." *Cobble v. Cobb Cnty. Police Dep't*, 571 U.S. 1119 (2014). Courts in the Middle District of

---

[1] Section 1915(g) bars *in forma pauperis* status for a prisoner who, while incarcerated or detained in any facility, has filed a civil action or appeal on three or more prior occasions "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

Georgia and the Fourth Circuit have also issued prefiling injunctions against Mr. Cobble. *See Cobble v. U.S.*, C/A No. 1:19-mc-00016-LAG (M.D. Ga. Jan. 13, 2021); *Cobble v. Warden Edgefield Fed. Corr. Inst.*, No. 24-6053, 2024 WL 1636514 (4th Cir. Apr. 16, 2024).

In this case, Mr. Cobble has filed at least 43 motions and approximately 34 other miscellaneous filings, many of which include profanity, including nine motions to compel all filed in close succession. *See, e.g.*, ECF Nos. 51–59. He has also filed three motions for default judgment. Mots. for Default. J, ECF Nos. 29, 80, 86. At the start of these proceedings, this Court twice ordered Mr. Cobble to show cause as to why the case should not be dismissed, citing his failure to properly serve the Government. Os.S.C., ECF Nos. 26, 33.

Now, the Government has moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and (b)(6), arguing that Mr. Cobble's claims are patently insubstantial and fail to meet pleading standards, that the Government is entitled to sovereign immunity, and that the statutes do not provide Mr. Cobble with a basis for relief. Defs.' Mot. to Dismiss ("Def.'s MTD"), ECF No. 82.

## III.  LEGAL STANDARD

### A.  Rule 55(d)

Federal Rule of Civil Procedure 55(d) allows reviewing courts to enter default judgment against the United States "only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d). To establish a claim, a plaintiff must properly serve the United States and its agencies, corporations, officers, or employees, which requires plaintiffs to "deliver a copy of the summons and of the complaint" to one of several possible addresses. Fed. R. Civ. P. 4(i)(1); *Liu v. Sec'y of Dep't of Health & Hum. Servs.*, No. 21-cv-495 (RDM), 2021 WL 12258020 at *1 (D.D.C. June 28, 2021).

**B. Rule 12(b)(1)**

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, the plaintiff "bears the burden of establishing jurisdiction." *Didban v. Pompeo*, 435 F. Supp. 3d 168, 172–73 (D.D.C. 2020) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)); Fed. R. Civ. P. 12(b)(1). Courts are to "accept all of the factual allegations in the complaint as true" and "construe the complaint liberally." *Ardelyx, Inc. v. Becerra*, 757 F. Supp. 3d 37, 46 (D.D.C. 2024) (citation modified) (quoting *Jerome Stevens Pharmaceuticals, Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005); *Zukerman v. USPS*, 961 F.3d 431, 441 (D.C. Cir. 2020)).

**C. Rule 12(b)(6)**

A complaint may also be dismissed for failure to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The alleged factual statements are presumed to be true. *See Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009). To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Williams v. Wilkie*, 320 F. Supp. 3d 191, 196 (D.D.C. 2018) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).

**IV. ANALYSIS**

**A. Mr. Cobble's Motions for Default Judgment**

Mr. Cobble moved for default judgment against the Government on three occasions. Mots. for Default. J, ECF Nos. 29, 80, 86. Default judgment grants relief to a plaintiff when a defendant fails "to plead or otherwise defend itself." *Washington v. LoanDepot.com, LLC*,

4

No. 25-cv-725 (CRC), 2026 WL 746876 at *2 (D.D.C. Mar. 17, 2026) (quoting *Liu,* 2021 WL 12258020 at *1).  But "to obtain a judgment, a plaintiff must have 'properly served his summons and complaint' on a defendant." *Id.* (quoting *Liu,* 2021 WL 12258020 at *1). Plaintiffs not proceeding *in forma pauperis*—such as Mr. Cobble—are responsible for effecting service of process. *See* Fed. R. Civ. P. 4(c).

When Mr. Cobble first moved for default judgment on October 10, 2025, he had not yet properly served the Government, as the Court explained in its Orders to Show Cause issued on September 29 and November 3, 2025. Os.S.C. Because the Government had not been properly served, it was not in default. Mr. Cobble's subsequent motions for default judgment, filed on March 23 and April 30, 2026, *see* ECF Nos. 80, 86, fare no better. At the time those motions were filed, the Government's deadline to respond to the Complaint had been extended by the Court to April 30, 2026. *See* Min. Order (Mar. 18, 2026); Min. Order (Apr. 23, 2026). The Government timely responded by filing its motion to dismiss on April 30, 2026. *See* Def.'s MTD. Accordingly, the Government was never in default, and Mr. Cobble is not entitled to default judgment. His motions are thus denied.

### B. Government's Motion to Dismiss

Because the Government properly responded within the allotted time and is not in default, the Court turns to the Government's motion to dismiss. First, the Government argues that the Court lacks subject-matter jurisdiction under Rule 12(b)(1). Def.'s MTD at 5–6. Second, the Government argues that Mr. Cobble does not state an intelligible claim under Rule 12(b)(6). Def.'s MTD at 6. The Court finds the Government's arguments persuasive.

1.  The Complaint is Patently Insubstantial.

A reviewing court may dismiss a complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) when the complaint is "patently insubstantial" and presents "no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (citation modified) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). To be "patently insubstantial," a claim must be more than merely "doubtful or questionable"; it must be "essentially fictitious." *Hagans v. Lavine*, 415 U.S. 528, 536–38 (1974) (first quoting *Goosby v. Osser*, 409 U.S. 512, 518 (1973); and then quoting *Bailey v. Patterson*, 369 U.S. 31, 33 (1962)). Such claims include, for example, "bizarre conspiracy theories." *Best*, 39 F.3d at 330. Likewise, claims that are "obviously frivolous" are insubstantial and fail to present a federal question suitable for judicial review. *Hagans*, 415 U.S. at 537 (quoting *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288 (1910)). Mr. Cobble's allegations can be ascribed as such.

First, at least parts of his allegations appear to be "essentially fictitious." For instance, he asserts that he has "denounced" his United States citizenship, is a "British diplomat" and a "sovereign citizen," and is entitled to "sovereign immunity." Compl. at 13. He claims that he is descended from British nobility because his father's surname is associated with the first "man to finance 1'st [sic] church of god ever to be built on earth." *Id.* at 13–14. Mr. Cobble also recounts how he purportedly manipulated doctors into believing he was "crazy" so a court would "drop charges" and "give [him] less time," boasting that he "played you'll [sic] like a fiddle." Compl. at 23.

The Complaint also contains numerous other allegations that are frivolous and largely amount to a catalog of grievances. For instance, Mr. Cobble asserts a "property right violation" because the "feds" purportedly "sell inmates expensive goods that fall apart in a hurry," such as

6

headphones and defective envelopes. *Id.* at 24; *see also id.* at 25 (alleging a property right violation because he must buy his own goods, like "condiments," "liquid drinks," and "seasonings"); *id.* at 30 (complaining about mail not being sent out on Saturdays, "clothes are too thin", "mattresses are no[t] thick enough", "mats are not long enough", "television is not big enough," and the inability to buy magazines, among other things).

In addition, the Complaint contains profane, abusive, and violent statements. Mr. Cobble states that he wants "to kill every government employee" he has ever met and declares that "you'll [sic] are idiots." Compl. at 23, 33. Elsewhere, he uses a derogatory slur to refer to gay men while discussing prostitution in prisons. Compl. at 18. Courts in this district have found complaints frivolous where they contain "incomprehensible" and "profane and baseless allegations." *Sherven v. Diddler*, No. 23-cv-02970, 2023 WL 7384855, at *1 (D.D.C. Nov. 7, 2023). Therefore, at least parts of the Complaint's allegations are not merely implausible or unsupported; they are "essentially fictitious" and "obviously frivolous." *Hagans*, 415 U.S. at 536–38. These parts of the Complaint are therefore patently insubstantial and present no federal question suitable for judicial review. Accordingly, the Court lacks subject-matter jurisdiction and must dismiss these insubstantial claims under Rule 12(b)(1).

2.  The Complaint Fails to Comply with Rule 8(a).

Even if this Court has jurisdiction over the remaining claims, Mr. Cobble's Complaint still warrants dismissal. The Government argues in the alternative that Mr. Cobble's Complaint does not state an intelligible claim under Rule 8(a). Def.'s MTD at 6. The Court agrees.

Under Rule 8(a), a pleading must include a "short and plain statement of the claim." Fed. R. Civ. P. 8(a). While courts are mindful that a *pro se* litigant's "complaint is held to a less stringent standard than formal pleadings drafted by lawyers," the standard does not constitute a

license for a *pro se* plaintiff to "ignore the Federal Rules of Civil Procedure." *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) (citing *Redwood v. Council of the District of Columbia*, 679 F.2d 931, 933 (D.C. Cir. 1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Complaints that are "'excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material' will patently fail [Rule 8(a)'s] standard." *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom.*, *Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (per curiam) (quoting *T.M. v. District of Columbia*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013)). Failure to meet Rule 8(a) merits dismissal for failure to state a claim under Rule 12(b)(6). *See Watkins v. Dep't of Just.*, No. CV 23-766 (RDM), 2024 WL 4362156, at *4 (D.D.C. Sept. 30, 2024) (dismissing *pro se* plaintiff's complaint for failing to comply with Rule 8(a), which made "it difficult for the Court to parse her claim and determine whether she is plausibly entitled to relief").

Mr. Cobble's Complaint indeed fails the Rule 8(a) pleading standard, as it is incoherent and confusing. Of Mr. Cobble's dozens of claims, several are unlabeled and many serve as vehicles for him to express his opinion unrelated to the legal claims he asserts. For instance, he alleges that the Government allows gangs to "make all inmates put in work aka [sic] stab or beat up people they feel are snitches[ ]." Compl. at 33. He goes on to describe how every inmate he has met "does drugs" and how he wants "to kill every inmate [he has] ever met." *Id.* His Complaint also includes a claim suggesting that allowing "female prisoners to choose to sell their bodys [sic]" would "result in less [slur]" people in the United States. *Id.* at 18. He then goes on to discuss how the "law says [he] do[es] not have to get a tag or registration or title or emissions for any vehicle . . . do[es] not intend on using [a] vehicle that year . . . its [sic] a race vehicle like drag or Rallysport. . . ." *Id.* at 29. These instances exemplify the nature of Mr. Cobble's claims,

many of which are excessively long, rambling, and disjointed. Moreover, despite his lengthy

recitation of allegations, Mr. Cobble fails to connect any of these alleged acts to this District.

Accordingly, Mr. Cobble's failure to meet Rule 8(a) also warrants the Complaint's dismissal.[2]

### V.  CONCLUSION

For the foregoing reasons, Mr. Cobble's motions for default judgment are **DENIED**

(ECF Nos. 29, 80, 86) and the Government's motion to dismiss is **GRANTED** (ECF No. 82).

All other outstanding motions (ECF Nos. 22–25, 37, 48, 50–59, 65, 66, 71–74, 78, 79, 90, 91, 93,

94, 97, 98, 100, 102–06, 108) are **DENIED** as **MOOT**. An order consistent with this

Memorandum Opinion is separately and contemporaneously issued. [3]


Dated:  July 7, 2026                                              RUDOLPH CONTRERAS
                                                                 United States District Judge

---

[2] The Government proffers two more substantive reasons for why this Court should deny the Complaint—that the Government is entitled to sovereign immunity and that the statutes Mr. Cobble relies upon provide no basis for his claims. The Court need not reach those issues, however, because it dismisses Mr. Cobble's Complaint for the reasons explained above.

[3] The Government also requests that this Court issue a pre-filing injunction against Mr. Cobble, enjoining him from filing any future lawsuit in this District without first obtaining leave and certifying that his complaint raises new, non-frivolous matters never before decided on the merits or on jurisdictional grounds. *See* Def.'s MTD at 9–12. **Instead, the Court hereby informs Mr. Cobble that, in the future, if he continues submitting harassing, vexatious, and frivolous filings, the Court will consider so enjoining him.**